**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4611**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANUBIAN R. ASARA-EL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:20-cr-00008-RBS-1)

Submitted:  August 18, 2021                    Decided:  September 23, 2021

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Dee M. Sterling, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anubian R. Asara-El appeals the district court's order affirming his conviction by a magistrate judge for possession of cocaine, in violation of 21 U.S.C. § 844. Asara-El contends that the Government failed to present sufficient evidence to support his conviction. For the reasons that follow, we affirm.

"[W]e review judgments resulting from a bench trial under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (internal quotation marks omitted).

> In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict. Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.

*Id.* (internal quotation marks omitted).

To sustain a conviction for possession of cocaine, the Government was required to show that Asara-El knowingly or intentionally possessed cocaine. 21 U.S.C. § 844(a); *see United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Possession of a controlled substance under § 844(a) may be actual or constructive. *United States v Penniegraff*, 641 F.3d 566, 572 (4th Cir. 2011). "[I]f a factfinder determines that a driver had dominion and control over a *vehicle*, that is sufficient to establish constructive possession of contraband hidden in that vehicle." *United States v. Moody*, 2 F.4th 180, 191 (4th Cir. 2021).

2

Furthermore, "[t]here is an inference that the driver of the vehicle has knowledge of the contraband within it . . . ." *Id*. (internal quotation marks omitted).

In this case, officers found cocaine in Asara-El's vehicle while he was stopped at a checkpoint at the Fort Eustis Army installation. Asara-El was the owner and driver of the car. The cocaine was concealed in the driver's side door within Asara-El's reach. A reasonable factfinder could conclude from this evidence that Asara-El knowingly possessed the cocaine. That Asara-El was calm and cooperative during the search of his vehicle does not preclude that finding. Nor does the presence of an Uber passenger in the back seat of his vehicle, given that there was no evidence that the passenger, whom Asara-El picked up moments before reaching the security checkpoint where officers discovered the cocaine, had any access to the driver's side door where the cocaine was located. Asara-El alluded to someone else having his vehicle earlier that day, but no other evidence was presented to support this contention.

We have thoroughly reviewed the record and conclude that there was sufficient evidence from which a reasonable trier of fact could find that Asara-El knowingly possessed the cocaine hidden in the driver's side door of his car. *See, e.g.*, *United States v. Armstrong*, 187 F.3d 392, 396 (4th Cir. 1999). Accordingly, we affirm the district court's opinion affirming the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*